Opinion filed March 9, 2023



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00362-CV

_____

## FARAH NICOLE MATOTT, KRISTI RIDER, JAMES LANCE IRVIN, AND TRACY FOOTE, Appellants

## V.

## CALEB LEE MATOTT, Appellee

**On Appeal from the 318th District Court**
**Midland County, Texas**
**Trial Court Cause No. FM67371**

### M E M O R A N D U M   O P I N I O N

This interlocutory appeal stems from an order granting Caleb Lee Matott's request for a temporary injunction against Farah Nicole Matott, Kristi Rider, James Lance Irvin, and Tracy Foote (Appellants). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West Supp. 2022). Caleb Lee Matott (Appellee) recently filed a motion to dismiss this appeal for want of jurisdiction due to mootness. Appellants,

who opposed Appellee's request for temporary injunction, also oppose Appellee's motion to dismiss this appeal. Because we agree with Appellee that this appeal is now moot, we dismiss the appeal.

On December 21, 2022, in what appears to be a rather contentious divorce proceeding between the Matotts, the trial court signed an order granting Appellee's request for a temporary injunction. In the order, the trial court temporarily enjoined Appellants from conveying or encumbering certain real property, among other things. The injunction was to remain in effect until the trial court entered a final judgment.

However, on February 17, 2023, the trial court entered an order dissolving the temporary injunction. *See* TEX. R. APP. P. 29.5. In its February 17 order, the trial court granted Appellee's motion to dissolve the temporary injunction and specifically ruled: "IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Temporary Injunction signed and entered on December 21, 2022 in the above-entitled and numbered cause is hereby **DISSOLVED**." The temporary injunction is, therefore, no longer operative.

"Appellate courts are prohibited from deciding moot controversies. . . . A case becomes moot if at any stage there ceases to be an actual controversy between the parties." *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999) (citations omitted); *see also Parr v. Stockwell*, 322 S.W.2d 615, 616 (Tex. 1959). When an appeal becomes moot, the appellate court must dismiss it for want of jurisdiction. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012).

When a temporary injunction becomes inoperative, as it did here when the trial court dissolved it, the issue of its validity is moot. *See Jones*, 1 S.W.3d at 86. An appellate court decision regarding the validity of a temporary injunction under such circumstances would constitute an impermissible advisory opinion. *Id.*

Appellants suggest that this appeal is not moot because a justiciable controversy still exists with respect to whether the temporary injunction was wrongfully granted and whether Appellants were damaged. While those issues may remain a justiciable controversy between the parties in the trial court, those issues are not before us in this interlocutory appeal. *See, e.g.*, *Adobe Oilfield Servs., Ltd. v. PNC Bank, Nat'l Ass'n*, No. 11-09-00078-CV, 2009 WL 3068391, at *1 (Tex. App.—Eastland Sept. 24, 2009, no pet.) (mem. op.) (dismissing appeal and declining to address the alleged collateral consequences of a temporary injunction—including claims for wrongful injunction and recovery on the temporary injunction bond— because the temporary injunction became moot while the interlocutory appeal was pending).

Having considered the orders of the trial court and the arguments of the parties to this appeal, we conclude that any opinion regarding the validity of the now dissolved and inoperative temporary injunction would merely be advisory. We decline to issue an impermissible advisory opinion.

Consequently, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

March 9, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.